HON. FREDERICK A. WOLF Village Attorney, Lancaster
This is in response to your recent letter requesting the opinion of this office as to whether an incompatibility would exist if the newly-elected Village Justice of the Village of Lancaster simultaneously serves on the Village of Lancaster Planning Commission.
Village planning commissions are created pursuant to Article 12-A of the General Municipal Law. Section 234 thereof refers to the "terms of office" which the members of the commission shall serve upon their appointment to the commission. This office has previously stated that members of a village planning commission are public officers. (1971 Atty. Gen. [Inf.] 161.)
Village Law, § 3-300, provides in subdivision 3 thereof that:
 "3. No person shall simultaneously hold an elective and an appointive village office except that: not more than two members of the board of trustees may be members of each board and commission; members of the board of trustees may be single commissioners in charge of village departments except as provided in the zoning article in this chapter."
Under the above statute, a village justice, as an elective officer of the village, may not hold an appointive village office. The exceptions to this rule are limited to village trustees, and are not, therefore, applicable in this instance.
We conclude that an elected village justice may not simultaneously serve as a member of the village planning commission in the same village.